**RECORD NOS. 16-4754(L); 16-4756; 16-4758; 17-4274**

# In The
# United States Court Of Appeals
# For The Fourth Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee,*

v.

**ABDI RAZAQ ABSHIR OSMAN; MOHAMED ABDI JAMA; ABDICASIIS CABAASE; MOHAMED FARAH,**

*Defendants – Appellants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
AT NORFOLK

———————

**BRIEF OF APPELLANTS**

———————

| | |
|---|---|
| **Trey R. Kelleter** | **Lawrence H. Woodward, Jr.** |
| VANDEVENTER BLACK LLP | SHUTTLEWORTH, RULOFF, |
| 101 West Main Street | SWAIN, |
| Suite 500 | HADDAD & MORECOCK, P.C. |
| Norfolk, VA 23510 | 317 30th Street |
| (757) 446-8697 | Virginia Beach, VA 23451 |
| | (757) 671-6047 |
| *Counsel for Appellant Osman* | *Counsel for Appellant Cabaase* |
| **Jason Alan Dunn** | **Robert B. Rigney** |
| JASON A. DUNN, PLC | PROTOGYROU & RIGNEY |
| 565 North Birdneck Road | 500 E. Main Street |
| Virginia Beach, VA 23451 | Suite 1520 |
| (757) 383-6848 | Norfolk, VA 23510 |
| | (757) 625-1175 |
| *Counsel for Appellant Farah* | *Counsel for Appellant Jama* |

*Gibson*Moore Appellate Services, LLC
206 East Cary Street  ♦  P.O. Box 1460 (23218)  ♦  Richmond, VA 23219
804-249-7770  ♦  www.gibsonmoore.net

# **TABLE OF CONTENTS**

**Page:**

TABLE OF AUTHORITIES ................................................................................... ii

STATEMENT OF JURISDICTION.........................................................................1

STATEMENT OF THE ISSUES...............................................................................1

STATEMENT OF THE CASE..................................................................................1

   A. Overview ............................................................................................1

   B. History ................................................................................................2

SUMMARY OF ARGUMENT .................................................................................4

ARGUMENT .............................................................................................................4

   A. Standard of Review ............................................................................4

   B. Piracy .................................................................................................4

   C. Mandatory Life...................................................................................5

CONCLUSION ..........................................................................................................6

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

Page(s):

**Cases:**

*United States v. Cobler*,
    748 F.3d 570 (4th Cir. 2014) ...................................................................................4

*United States v. Dire*,
    680 F.3d 446 (4th Cir. 2012), *cert. denied*,
    133 S. Ct. 982 (2013) ............................................................................................3, 4

*United States v. Said,*
    3 F. Supp. 3d 515 (E.D. Va 2014) ............................................................................3

*United States v. Said,*
    (4th Cir. No. 14-4413(L)) (Doc. 105, Sept. 10, 2015) ...........................................4

*United States v. Said*,
    680 F.3d 374 (4th Cir. 2012) ...................................................................................3

*United States v. Said*,
    757 F. Supp. 2d 554 (E.D. Va 2012) .......................................................................2

*United States v. Said*,
    798 F.3d 182 (4th Cir. 2015) ...................................................................................3

*United States v. Slatten*,
    (D.C. Cir. No. 15-3078(L)) (Doc. No. 1687369, August 4, 2017) ................5, 6

**Statutes:**

18 U.S.C. § 1651 ............................................................................................... 1, 2, 4

18 U.S.C. § 3231 ........................................................................................................1

28 U.S.C. § 1291 ........................................................................................................1

**Constitutional Provision:**

U.S. Const. amend. VIII ............................................................................................1

## **STATEMENT OF JURISDICTION**

This is a federal criminal case, and the district court had jurisdiction pursuant to 18 U.S.C. § 3231. The district court issued its amended judgments on remand for resentencing of defendants Jama and Osman on November 8, 2016, Joint Appendix (JA) 112-125; of defendant Cabaase on November 9, 2016, JA 142; and defendant Farah on May 1, 2017, JA 167. The defendants timely filed notices of appeal on November 15, 2016; November 17, 2016; and May 4, 2017. JA 149-154, 174. This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

## **STATEMENT OF THE ISSUES**

The defendants ask this Court to reconsider two issues previously decided on appeal: (1) the definition of piracy and (2) whether a mandatory term of life imprisonment for piracy violates the Eight Amendment.

## **STATEMENT OF THE CASE**

A.   Overview

The defendants are Somali nationals sentenced on remand from this Court to mandatory terms of life imprisonment for violating 18 U.S.C. § 1651, which prohibits the commission of "the crime of piracy as defined by the law of nations." The men committed an attempted robbery, which did not fit the definition of piracy under the law of nations when Congress enacted § 1651 in 1819, but does fit the definition of piracy under current international law.

1

This Court upheld the piracy convictions on appeal, holding that the statute incorporates the modern definition of piracy. On cross-appeal, this Court reversed the district court holding that the mandatory term of life contravened the Eighth Amendment prohibition against cruel and unusual punishment. This Court vacated the term of years imposed by the district court on each defendant for piracy and remanded for new sentences. The amended judgments followed.

B.  History

On April 10, 2010, shortly before dawn, the defendants were in a small skiff in the Gulf of Aden. Someone on the skiff fired an AK-47 rifle in the direction of the USS Ashland, which was patrolling nearby. The Ashland returned fire, killing one of the skiff's occupants, severely wounding another, and destroying the skiff. Thereafter, the Ashland dispatched a smaller boat to rescue the survivors, who were floating in open water. The government produced no evidence that the defendants engaged in any hostile conduct after they were rescued. It is undisputed that the defendants did not take control of the Ashland, did not board her without the consent of the U.S. Navy, and did not obtain anything of value from her.

The defendants were charged with numerous offenses, including piracy as set out in 18 U.S.C. § 1651. The district court granted defendants' pretrial motion to dismiss the piracy count because their conduct did not amount to robbery, *United States v. Said*, 757 F. Supp. 2d 554 (E.D. Va 2012), and the government filed an

2

interlocutory appeal. After this Court ruled in a case with similar facts that "piracy as defined by the law of nations" is not limited to robbery on the high seas, *see United States v. Dire*, 680 F.3d 446 (4th Cir. 2012), *cert. denied*, 133 S. Ct. 982 (2013), this Court reversed the district court and remanded for trial. *United States v. Said*, 680 F.3d 374 (4th Cir. 2012).

The defendants were convicted on all counts by a jury. At sentencing, the district court determined that the imposition of mandatory life sentences on the piracy counts would be grossly disproportionate to the gravity of the defendants' conduct given the facts of this case and would therefore violate the Eighth Amendment. *United States v. Said*, 3 F. Supp. 3d 515 (E.D.Va 2014). The court imposed sentences on the defendants ranging from a total of 30 years for one defendant up to a total of 42-$\frac{1}{2}$ years for another defendant.

The government appealed the district court's refusal to impose mandatory life sentences on the piracy counts, and the defendants cross-appealed their convictions for piracy. This Court upheld the piracy convictions, noting that "defendants concede that we are obliged to adhere to *Dire*, as one panel of this Court is not entitled to overrule another panel," and reversed the sentences imposed by the district court on the piracy count, holding that the mandatory term of life was not unconstitutional. *United States v. Said*, 798 F.3d 182 (4th Cir. 2015).

This Court denied the defendants' petition for panel rehearing and rehearing en banc. *United States v. Said* (4th Cir. No. 14-4413(L)) (Doc. 105, Sept. 10, 2015). The Supreme Court denied the defendants' petition for certiorari on the piracy issue on May 23, 2016. The defendants subsequently were resentenced in the district court to terms that included mandatory life sentences on the piracy count.

## SUMMARY OF ARGUMENT

Because of extenuating circumstances set forth in the Argument, counsel for defendants ask the Court to reconsider its prior rulings on the definition of piracy and the imposition of terms of life imprisonment.

## ARGUMENT

### A.   Standard of Review

This Court should review de novo the district court's denial of motions to dismiss the piracy counts, as it was based on this Court's *Dire* decision, which turned on its legal analysis of the meaning of 18 U.S.C. § 1651. *See Dire*, 680 F.3d at 466-67. Whether a decision violates the Eighth Amendment's prohibition against cruel and unusual punishment is reviewed de novo by this Court. *United States v. Cobler*, 748 F.3d 570, 574 (4th Cir. 2014).

### B.   Piracy

This Court has provided defendants a full and fair opportunity to challenge their convictions for piracy and the imposition of mandatory terms of life. This Court has

4

addressed the issue on both interlocutory appeal and post-sentencing appeal. Counsel are not aware of subsequent developments in the law that materially inform a good faith argument for a change in the Court's holdings on piracy. However, counsel are mindful that defendants are foreign nationals with limited English language skills and cultural affinity for our system of justice. Given our lengthy representation and interaction with the defendants since 2010, Counsel find it prudent and just to place the issue before this Court at this final stage of the case to ensure that defendants understand that they have been heard by the Court and afforded every opportunity to make their case.

Counsel rely on arguments previously made in this case on appeal. *See* No. 14-4413(L): Doc. 74, November 6, 2014, *Defendants' Principal Brief*; Doc 82, December 15, 2014, *Defendants' Reply Brief*; Doc 103, August 27, 2015, *Defendants' Petition for Panel Rehearing and Rehearing En Banc*.

C.   Mandatory Life

In addition, counsel note that the U.S. Court of Appeals for the District of Columbia Circuit recently held a mandatory term of years to contravene the Eighth Amendment prohibition of cruel and unusual punishment, holding that 30-year mandatory terms for the use of machine guns by military contractors in Iraq in commission of voluntary manslaughter that arose from a shooting that injured or killed at least 31 Iraqi civilians was grossly disproportionate to their culpability *United States v. Slatten* (D.C. Cir. No. 15-3078(L)) (Doc. No. 1687369, August 4, 2017). In contrast,

the defendants did not inflict physical harm and have been sentenced to life imprisonment for a crime that amounts to attempted robbery. While not binding, *Slatten* may inform a decision to reconsider this Court's prior ruling in this case.

## CONCLUSION

For the reasons stated above, this Court should vacate the defendant's convictions for piracy, or in the alternative, vacate the terms of life imprisonment for piracy.

This 11th day of August, 2017.

/s/ Trey R. Kelleter
Trey R. Kelleter
Vandeventer Black LLP
101 West Main Street, Suite 500
Norfolk, VA  23510

Jason Alan Dunn
Jason A. Dunn, PLC
565 North Birdneck Road
Virginia Beach, VA  23451

Lawrence H. Woodward, Jr.
Shuttleworth, Ruloff, Swain,
 Haddad & Morecock, P.C.
317 30th Street
Virginia Beach, VA  23451

Robert B. Rigney
Protogyrou & Rigney
500 E. Main Street
Suite 1520
Norfolk, VA  23510

*Counsel for Appellants*

6

# **CERTIFICATE OF COMPLIANCE**

1. This document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. R. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

    this document contains <u>1,224</u> words.

2. This document complies with the typeface requirements because:

    this document has been prepared in a proportional spaced typeface using <u>Microsoft Word</u> in <u>14 point Times New Roman</u>.

Dated:  August 11, 2017                          /s/ Trey R. Kelleter
                                                 Trey R. Kelleter

## **CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on August 11, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to all the registered CM/ECF users.

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

/s/ Priscilla C. Winkler
Priscilla C. Winkler
GIBSON MOORE APPELLATE SERVICES, LLC
P.O. Box 1460
Richmond, VA 23218
(804) 249-7770
priscilla@gibsonmoore.net